# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**RANDALL JUDE,**

    **Plaintiff,**

v.

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

Civil Action 2:20-cv-3579
Chief Judge Algenon L. Marbley
Magistrate Judge Chelsey M. Vascura

## REPORT AND RECOMMENDATION

Plaintiff, Randall Jude ("Plaintiff"), brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income Benefits. This matter is before the Court on Plaintiff's Statement of Errors (ECF No. 17), the Commissioner's Amended Memorandum in Opposition (ECF No. 20), and the administrative record (ECF No. 12). For the reasons that follow, it is **RECOMMENDED** that Plaintiff's Statement of Errors be **OVERRULED** and that the Commissioner's decision be **AFFIRMED**.

### I.    BACKGROUND

Plaintiff filed his application for Title XVI Supplemental Security Income Benefits on August 16, 2016, alleging, after amendment, that he had been disabled since July 6, 2016. (R. 193, 205.) On April 25, 2019, following administrative denials of Plaintiff's applications initially and on reconsideration, a hearing was held before Administrative Law Judge Jeffrey Hartranft (the "ALJ"). (*Id.* at 42–68.) Plaintiff, represented by counsel, appeared and testified. Vocational expert Kenneth Browde (the "VE") also appeared and testified at the hearing. On

June 17, 2019, the ALJ issued a decision denying benefits. (*Id.* at 10–24.) On May 20, 2020, the Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the Commissioner's final decision. (R. 1–3.) Plaintiff then timely commenced the instant action. (ECF No. 1.)

In his Statement of Errors (ECF No. 17), Plaintiff asserts a single contention of error: that the ALJ failed to properly consider the opinion of consultative examiner Robert Whitehead, M.D., in assessing Plaintiff's physical limitations.

## II.    THE ALJ'S DECISION

On June 17, 2019, the ALJ issued a decision finding again that Plaintiff was not disabled within the meaning of the Social Security Act. (R. 10–24.) At step one of the sequential evaluation process,[1] the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged disability onset date of July 6, 2016. (*Id.* at 13.) At step two, the ALJ found that Plaintiff has the severe impairments of degenerative disc disease of his cervical and lumbar

---

[1] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

1. Is the claimant engaged in substantial gainful activity?
2. Does the claimant suffer from one or more severe impairments?
3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?
4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?
5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. § 404.1520(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

spine, gout, hallux valgus deformity/plantar fasciitis, hypertension/hypotension, substance abuse disorder, and affective, anxiety, and trauma-related mental disorders. (*Id.*) He further found at step three that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 14.) At step four of the sequential process, the ALJ set forth Plaintiff's residual functional capacity ("RFC")[2] as follows:

> The claimant has the residual functional capacity (RFC) to perform light work as defined in 20 CFR 416.967(b) except he can stand and/or walk 1 hour at a time and 4 hours total in a workday, sit for 1 hour at a time and 6 hours total in a workday, and occasionally operate foot controls. He can occasionally climb ramps and stairs, but never ladders, ropes, or scaffolds. He can frequently balance, kneel, crouch, and crawl, and occasionally stoop. He can frequently reach except for only occasional overhead reaching. He must avoid workplace hazards such as unprotected heights and machinery. He can perform simple routine and repetitive tasks involving only simple work-related decisions and with few, if any, workplace changes. He can work in settings without strict production quotas or fast paced work such as on an assembly line. He can occasionally interact with coworkers, supervisors, and the general public, provided he has no customer service responsibilities.

(*Id.* at 16.)

At step five of the sequential process, the ALJ, relying on the VE's testimony, found that Plaintiff was capable of making a successful adjustment to other work that existed in significant numbers in the national economy. (*Id.* at 24.) The ALJ therefore concluded that Plaintiff was not disabled under the Social Security Act. (*Id.*)

### III. RELEVANT RECORD EVIDENCE

Plaintiff's Statement of Errors centers on the June 7, 2018 opinion of consulting examiner, Robert Whitehead, M.D. (R. 740–47.) Dr. Whitehead noted that Plaintiff complained of "ongoing low back pain for greater than 10 years," "currently described as a daily intermittent

---

[2] A claimant's RFC is an assessment of "the most [he] can still do despite [his] limitations." 20 C.F.R. § 404.1545(a)(1).

3

pain present on average about 75% of the day." (*Id.* at 740.) Plaintiff reported that his low back pain is associated with using stairs, lifting, prolonged standing, or prolonged sitting, and rated the pain on average as 8/10. (*Id.*) Dr. Whitehead noted that Plaintiff had an MRI of his lumbar spine showing a herniated disk and some degenerative disk disease; however, "[Plaintiff] has not had any treatment directed at his low back problems." (*Id.*)

On physical examination of the lumbar spine, Dr. Whitehead noted:

> The lumbar spine shows tenderness in the paravertebral region bilaterally. There is normal skin without rash or pigment changes. Range of motion is decreased. Deep tendon reflexes are symmetric bilaterally. Sensation and strength are maintained in the lower extremities without focal deficits. No clonus. Negative straight leg raise. Negative Waddell's signs. Heel and toe walking are intact.

(*Id.* at 742.) Dr. Whitehead found Plaintiff to have normal muscle strength and motor function in his upper extremities. (*Id.* at 744.) Dr. Whitehead concluded:

> Examination today would support this individual would be best suited for jobs in the modified light duty category. This would include lifting on occasion up to 15 pounds and more frequently 5-10 pounds. He could not perform repetitive bending or lifting or repetitive use of stairs. He would do best if he sat and stood 50% each intermittently throughout the day. He unlikely would be able to perform repetitive overhead activities.

(*Id.* at 742.)

## IV. STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant

4

evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)).

Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

## V. ANALYSIS

Plaintiff asserts a single contention of error: that the ALJ failed to properly analyze the opinion of consultative examiner, Robert Whitehead, M.D. Specifically, Plaintiff contends that the ALJ (1) erred in evaluating the parts of Dr. Whitehead's opined lifting restrictions, and (2) failed to evaluate the remaining parts of Dr. Whitehead's opinion. The undersigned will consider each argument in turn.

**A.** **The ALJ did not err in evaluating Dr. Whitehead's lifting restrictions.**

The ALJ must consider all medical opinions that he receives in evaluating a claimant's case. 20 C.F.R. § 416.927(c). However, opinions of consultative examiners are not entitled to any particular deference and an ALJ need not give "an exhaustive factor-by-factor analysis" of

5

their opinions. *Kent v. Comm'r of Soc. Sec.*, 142 F. Supp. 3d 643, 650 (S.D. Ohio 2015) (quoting *Francis v. Comm'r of Soc. Sec.*, 414 F. App'x 802, 804 (6th Cir. 2011)). Because a consultative examiner usually meets with the claimant only once, they usually do not have an on-going treatment relationship with the claimant to trigger the deference owed to treating physicians. *Andres v. Comm'r of Soc. Sec.*, 733 F. App'x 241, 245–46 (6th Cir. 2018) (the absence of an on-going treatment relationship means "the ALJ is entitled to give less weight to the consultative examiner's opinion") (citing *Staymate v. Comm'r of Soc. Sec.*, 681 F. App'x 462, 467 (2017)).

Dr. Whitehead was engaged to complete a one-time, in-person examination of Plaintiff. The ALJ discussed Dr. Whitehead's report and opinion as follows:

> In June 2018, Robert Whitehead, M.D., examined the claimant and observed that he walked with a normal gait, had lungs clear to auscultation with good air movement, and exhibited intact heel and toe walking (Ex. B36F). The claimant had lumbar spine tenderness and decreased range of motion but otherwise normal musculoskeletal and neurological findings. He had a normal grasp, manipulation, pinch, and fine coordination with his hands. He reported that he could lift 10 pounds, stand for 30 minutes, and walk about a half a mile, and he reported doing a little cooking, cleaning, and shopping, but required assistance. He reported that he was able to perform activities of daily living.
>
> * * *
>
> In June 2018, Dr. Whitehead, who performed the above-summarized independent consultative exam, opined that the claimant would be suited for jobs in the modified light duty category including occasional lifting of up to 15 pounds and frequently lifting 5 to 10 pounds. Dr. Whitehead opined that the claimant could perform repetitive bending, lifting, and stair climbing but would do best sitting and standing 50% each intermittently throughout the day and would unlikely be able to perform repetitive overhead activities (Ex. B36F). I give partial weight to Dr. Whitehead's assessment, which is generally consistent with a range of light exertion with limitations, however, the weight limitations indicated by Dr. Whitehead are not supported by his own exam findings, which documented normal strength and range of motion in the upper extremities.

(R. 18–19, 21.)

Plaintiff takes issue with the ALJ's discounting of Dr. Whitehead's opined limitation that Plaintiff could "lift[ ] on occasion up to 15 pounds and more frequently 5–10 pounds." (R. 742.)

6

Specifically, Plaintiff contends the ALJ's reasoning was flawed because despite the normal strength and range of motion findings in Plaintiff's upper extremities, Dr. Whitehead noted tenderness and reduced range of motion in Plaintiff's lumbar spine, and low back pain was Plaintiff's chief complaint at the consultative examination. Yet it is clear from earlier in the ALJ's opinion that he noted and considered Dr. Whitehead's findings related to Plaintiff's lumbar spine. *See* R. 18–19 (summarizing Dr. Whitehead's examination and noting "[t]he claimant had lumbar spine tenderness and decreased range of motion but otherwise normal musculoskeletal and neurological findings"); *Hill v. Comm'r of Soc. Sec.*, 560 F. App'x 547, 551 (6th Cir. 2014) (recognizing that the ALJ's decision should be read as a whole). Furthermore, Plaintiff testified at the hearing that he felt pain in his arms when lifting, such that it was reasonable for the ALJ to consider Dr. Whitehead's findings relating to Plaintiff's upper extremities. (R. 57.)

Moreover, the ALJ's conclusion that Plaintiff could perform lifting consistent with light work, which entails "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds," 20 C.F.R. § 416.967(b), is amply supported by the record. The ALJ noted that "exams [ ] generally revealed substantially normal findings, except for intermittent relatively mild or minimal findings and infrequent findings of tenderness and decreased range of motion." (R. 18.) Indeed, the record contains many normal findings as to strength and range of motion in Plaintiff's lower back despite reports of lower back pain, as well as many visits to treatment providers in which Plaintiff denies lower back pain. (*See* R. 414, 548, 554-55, 613–14, 675–76, 693–94, 717–18, 867–68, 876–77, 885–86, 893–94, 901–02, 908–09, 920–21, 928–29, 943–44, 935–36, 951–52, 972–73, 980–81, 1211–12, 1231–32, 1243–44 (progress notes by Plaintiff's treating nurse practitioner spanning December 2015 through

7

January 2019); R. 455, 588, 627, 700–01, 1037, 1052, 1076, 1083, 1088, 1127, 1125, 1557, 1627, 1712, 1741, 2063 (emergency room and urgent care records spanning December 2015 through December 2018).) Although there are several occasions on which Plaintiff does complain of back pain, and several on which he is found to have decreased range of motion in his lumbar spine, the ALJ's conclusion that Plaintiff's lumbar spine impairments did not preclude light work is supported by the substantial evidence summarized above. Thus, the ALJ's findings were within the permissible "zone of choice," and the Court will not re-weigh the evidence. *See Blakley*, 581 F.3d at 406; *see also Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) ("The substantial-evidence standard allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts.") (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)). The undersigned therefore finds no error in the ALJ's evaluation of Dr. Whitehead's opined weight limitations on lifting.

**B.      The ALJ sufficiently accounted for all parts of Dr. Whitehead's opinion.**

Plaintiff next contends that the ALJ failed to address the remaining portions of Dr. Whitehead's opinion that (1) Plaintiff could never perform repetitive bending, lifting, or stair climbing and would unlikely be able to perform repetitive overhead activities; and (2) Plaintiff would do best if he could sit and stand intermittently each 50% of the workday. The Commissioner contends, and the undersigned agrees, that the ALJ's sufficiently addressed these portions of Dr. Whitehead's opinion.

First, the ALJ limited Plaintiff to "light" work, which entails "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 416.967(b). The ALJ also limited Plaintiff to "frequent" kneeling and crouching and

"occasional" stooping, stair climbing, and overhead reaching. (R. 16.)[3] The United States Court of Appeals for the Sixth Circuit has held that "[i]n ordinary nomenclature, a prohibition on 'repetitive' lifting does not preclude a capacity for 'frequent' lifting[.]" *LeFevers v. Comm'r v. Soc. Sec.*, 476 F. App'x 608, 611 (6th Cir. 2012) (affirming the trial court's conclusion that "the ordinary understanding of 'repetitive lifting' lends to the interpretation that it is more continuous and sustained than the 'frequent' lifting involved in light work." *Lefevers v. Astrue*, No. 09-143-GFVT, 2010 WL 11519608, at *7 (E.D. Ky. May 11, 2010); *see also Miller v. Comm'r of Soc. Sec.*, No. 1:13-cv-1872, 2014 WL 3950912 (N.D. Ohio Aug. 12, 2014) ("By the terms' plain meaning, 'occasional' is less frequent in nature than 'repetitive.'"); *De Munoz v. Comm'r of Soc. Sec.*, No. 1:18-CV-00483-SAB, 2019 WL 1243718, at *7 (E.D. Cal. Mar. 18, 2019) ("The ALJ's interpretation that Dr. Lewis's limitation to no repetitive use of her hands on a consistent basis would allow her to use her hands frequently under the social security regulations is reasonable."). The ALJ thus included limitations on bending, lifting, and stair climbing that were at least as restrictive as Dr. Whitehead's, and inclusion of the term "repetitive" in the RFC as to bending, lifting, stair climbing, or overhead reaching "therefore would have been redundant." *Lefevers*, 2010 WL 11519608, at *7.

Dr. Whitehead's remaining opined limitation—that Plaintiff would "do best" if he sat and stood 50% each intermittently throughout the day—is not sufficiently definitive. A claimant's RFC is an assessment of the "most" he or she can do despite his or her limitations, 20 C.F.R. § 4040.1545(a)(1), not a description of what environment would be the "best" fit. *See, e.g.*,

---

[3] Kneeling, crouching, and stooping are defined by Social Security Ruling 85-15 as forms of "bending." *See* SSR 85-15, 2 ("to bend the legs alone (kneel); to bend the spine alone (stoop) or bend both the spine and legs (crouch)"). Thus, by including limitations on kneeling, crouching, and stooping, the ALJ included limitations on bending.

9

*Yerian v. Comm'r*, No. 2:17-cv-562, 2018 WL 4357479, at *2 (S.D. Ohio Sept. 13, 2018) ("A statement that Plaintiff would work best in a particular environment is not equivalent to an opinion that he lacks the capacity to work in any other type of environment."). Moreover, the ALJ did include limitations on sitting and standing throughout the workday. (R. 16.) Further, the ALJ gave Dr. Whitehead's opinion only "partial" weight and was not required to adopt his limitations verbatim or to give Dr. Whitehead's opinion any particular degree of deference. *Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015) ("Even where an ALJ provides 'great weight' to an opinion, there is no requirement that an ALJ adopt [it] verbatim; nor is the ALJ required to adopt the [opinion's] limitations wholesale.")); *Andres*, 733 F. App'x at 245–46 (ALJs may afford less deference to consultative examiners). For these reasons, the undersigned concludes that the ALJ did not err in his consideration and weighing of Dr. Whitehead's opinion.

## VI. DISPOSITION

In sum, from a review of the record as a whole, the Court concludes that substantial evidence supports the ALJ's decision denying benefits. For the foregoing reasons, it is **RECOMMENDED** that the Court **OVERRULE** Plaintiff's Statement of Errors and **AFFIRM** the Commissioner of Social Security's decision.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in

part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE