IN THE UNITED STATES DISTRICT COURT
FOR THE SOURTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **RANDALL JUDE,** | : | Case No. 2:20-cv-3579 |
| | : | |
| Plaintiff, | : | Chief Judge Algenon L. Marbley |
| | : | |
| v. | : | Magistrate Judge Chelsey M. Vascura |
| | : | |
| **COMMISSIONER OF SOCIAL SECURITY,** | : | |
| | : | |
| **Defendant** | : | |

## OPINION & ORDER

This matter comes before this Court on Plaintiff's Objections (ECF 22) to the Magistrate Judge's Report and Recommendation that this Court overrule Plaintiff's Statement of Errors and affirm the Commissioner's denial of benefits. Upon *de novo* review by this Court, and for the reasons set forth below, Plaintiff's objections are **OVERRULED**, the Report and Recommendation is **ADOPTED**, and the Commissioner's decision is **AFFIRMED**.

### I. BACKGROUND

On July 6, 2016, Plaintiff filed a Title XVI application for supplemental security income (SSI), alleging disability began January 1, 2010, but later amended this date to July 6, 2016. (*Id.*). Plaintiff's claim was denied on October 31, 2016, and again on reconsideration on January 30, 2017. (*Id.*). On June 17, 2019, the Administrative Law Judge ("ALJ") once again denied Plaintiff's claim for Social Security benefits, finding Plaintiff was not disabled under § 1614(a)(3)(A) of the Social Security Act. (*Id.* at 25). On May 20, 2020, Plaintiff's request for review was denied, and the ALJ's decision was adopted as the final decision of the Commissioner. (*Id.* at 2). Thereafter, Plaintiff timely filed an action for review in this Court. (ECF No. 3). The relevant facts concerning

Plaintiff's medical records, as well as the ALJ's opinion, are set forth in the Magistrate Judge's Report and Recommendation. (ECF No. 21).

On July 15, 2021, the Magistrate Judge issued a Report and Recommendation recommending this Court overrule Plaintiff's Statement of Errors and affirm the Commissioner's decision. (ECF No. 21). Plaintiff timely objected to the Magistrate Judge's Report and Recommendation. (ECF No. 22). This objection rests on the contention that the ALJ failed to properly consider the opinion of consultative examiner Robert Whitehead, M.D.

## II.  STANDARD OF REVIEW

Upon objection to a Magistrate Judge's Report and Recommendation, this Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). This *de novo* review, in turn, requires the Court to "determine whether the record as a whole contains substantial evidence to support the ALJ's decision" and to "determine whether the ALJ applied the correct legal criteria." *Inman v. Astrue*, 920 F. Supp. 2d 861, 863 (S.D. Ohio 2013). The Court should defer to the administrative law judge's opinion unless the judge "has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Colvin v. Barnhart*, 475 F.3d 727, 729 (6th Cir. 2007). Substantial evidence means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quotation omitted). Substantial evidence constitutes "more than a mere scintilla, but only so much as would be required to prevent judgment as a matter of law against the Commissioner if this case were being tried to a jury." *Inman*, 920 F. Supp. 2d at 863 (citing *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988)).

### III. LAW AND ANALYSIS

Plaintiff asserts only one objection to the Report and Recommendation: that the ALJ was required to analyze Dr. Whitehead's opinion that Plaintiff would do best sitting and standing 50% each intermittently throughout the day. (ECF No. 22 at 2). This Court finds the Magistrate Judge did not err in finding that the ALJ properly analyzed Dr. Whitehead's opinion as required by law.

Social Security regulations mandate that every medical opinion in the claimant's case record must be evaluated. (ECF 22 at 3 (citing 20 CFR 416.927(c))). Additionally, an ALJ must give "good reasons" when giving a treating source's opinion less than controlling weight. *Morr v. Comm'r of Soc. Sec.*, 616 Fed.Appx. 210, 211 (6th Cir. 2015). An ALJ is permitted, however, to "give less weight to [a] consultative examiner's opinion" *Staymate v. Comm'r of Soc. Sec.*, 681 F. App'x 462, 467 (6th Cir. 2017). Additionally, the ALJ does not have a duty to adopt medical opinions verbatim. *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 156-57 (6th Cir. 2009).

The crux of Plaintiff's objection is that the ALJ "never evaluated" Dr. Whitehead's opinion stating that he would "do best limited to 50% sitting and standing intermittently throughout the day." (ECF No. 22 at 2-3). The administrative record, however, reflects that at least some weight was given to this portion of Dr. Whitehead's opinion. (*See* ECF No. 12-2). Plaintiff argues the Magistrate Judge "does not even address Dr. Whitehead's assertion that [he] can only sit for 4 hours 'intermittently.'" (ECF No. 22 at 3). While the Magistrate Judge did not directly address this point in her Report and Recommendation, the record reflects the ALJ did address this portion of Dr. Whitehead's opinion. Specifically, when assessing Plaintiff's Residual Functional Capacity ("RFC"), the ALJ stated: "he can stand and/or walk 1 hour at a time and 4 hours total in a workday, sit for 1 hour at a time and 6 hours total in a workday." (ECF 12-2 at 17). As the RFC states

3

Plaintiff can switch off every hour between sitting and standing, clearly the ALJ addressed Dr. Whitehead's opinion in this regard. (*Id.*).

Having found the administrative record does, in fact, address Dr. Whitehead's assertion that Plaintiff best operates when sitting and standing intermittently, Plaintiff's remaining point of contention is that the ALJ did not restrict him to an exact 50% balance of standing and sitting throughout the workday. It is evident from the record the ALJ did not adopt, verbatim, Dr. Whitehead's opinion in this regard; however, the ALJ was under no such obligation to do so. As stated above, while an ALJ cannot replace the opinions of a medical examiner with that of his own, an ALJ also does not have an obligation to adopt a medical opinion verbatim. *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 156-57 (6th Cir. 2009). There is also "no requirement [] the ALJ provide an explanation for why certain limitations proposed by the expert were not incorporated into his [RFC] assessment[,]" as the RFC determination rests solely with the ALJ. 20 C.F.R. §§ 404.1546(c); *Smith v. Comm'r of Soc. Sec.*, No. 13-3578, 2014 U.S. App. LEXIS 25221, at *4 (6th Cir. Jan. 30, 2014). Furthermore, Dr. Whitehead's opinion merely stated that a 50/50 split of standing and sitting was how Plaintiff would perform "best." "An assessment of difficulty with an activity does not constitute a definitive functional limitation that the ALJ was required to incorporate into the RFC." *Mosley v. Berryhill*, No. 1:13-0055, 2017 WL 1153896, at *10 (M.D. Tenn., Mar. 28, 2017) (internal quotations omitted). If Dr. Whitehead had stated Plaintiff was *unable* to sit for more than 50% of a workday, this might merit further inquiry into the ALJ's findings; however, this is not the case. (emphasis added).

Given that the ALJ did take into consideration Dr. Whitehead's opinion that intermittent sitting and standing was best for Plaintiff, along with the fact that the ALJ had no duty to adopt the exact specifications of Dr. Whitehead's loosely worded opinion regarding Plaintiff's "best

4

performance," the Magistrate Judge did not err in affirming the ALJ's decision. Further, this Court's independent review of the ALJ's findings and the administrative record reveals the ALJ's decision was supported by substantial evidence.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Objections (ECF No. 22) to the Magistrate Judge's Report and Recommendation are **OVERRULED**. The Report and Recommendation (ECF No. 21) is **ADOPTED**, and the Commissioner's determination is **AFFIRMED**.

**IT IS SO ORDERED.**

                                                                _____
                                                                ALGENON L. MARBLEY
                                                                CHIEF UNITED STATES DISTRICT JUDGE

**DATED: February 28, 2022**